```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARRY VALLEN,

                    Plaintiff,          ORDER AND
                                        CIVIL JUDGMENT
          -against-                     10-CV-4225 (JS)(ARL)

RICHARD MIRAGLIA, COMMISSIONER
OF MENTAL HEALTH (O.M.H.) and
THE CHIEF OF THE BUREAU OF
FORENSICS,

                    Defendant.
----------------------------------X
APPEARANCES:

Plaintiff:          BARRY VALLEN, Pro Se
                    # 014-2991
                    Pilgrim Psychiatric Center Hospital
                    998 Crooked Hill Road
                    Building 81 - Ward 202
                    Brentwood, NY 11717

Defendant:          No Appearance.
```

SEYBERT, District Judge:

By Order dated December 30, 2010 ("December Order"), the Court granted Plaintiff's request to proceed in forma pauperis, denied Plaintiff's application for pro bono counsel and dismissed Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 without prejudice. The Court granted Plaintiff leave "to amend his Complaint to include specific factual allegations against the individuals he claims violated his Constitutional rights." See December Order at 14.

On April 6, 2011, Plaintiff filed an Amended Complaint. The Amended Complaint deletes any reference to the New York State

Governor, but does not cure the deficiencies of the original complaint. To the extent that Plaintiff seeks to change the rules regarding mentally ill individuals, leave to amend on this basis was denied by the Court in the December Order. See December Order at 13. Despite Plaintiff's assertion that defendant "Richard Miraglia directly run[s] and oversee[s] all psychiatric forensic and civil hospitals in New York State," Am. Compl. at 1, he fails to show that Defendant Miraglia was responsible for depriving Plaintiff of hot water at Pilgrim [State Psychiatric Center]" or for any other allegedly unconstitutional conditions at Pilgrim State Psychiatric Center.

In Ashcroft v. Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution." 129 S. Ct. 1937, 1948-49 (2009). Plaintiff's claims that staff at Pilgrim State failed to provide hot water does not establish defendant Miraglia's personal involvement in the conditions of his confinement as required under § 1983. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)).

Plaintiff's remaining allegations concerning events that occurred in Rochester, New York or in Orange County, see Am. Compl. at 3-6, are not properly filed in this Court.  Pursuant to the venue provision governing federal question jurisdiction, a civil action must be filed in the judicial district where all defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred or a judicial district in which any defendant may be found.  See 28 U.S.C. § 1391(b).  The proper venue for claims arising in Rochester, New York is the United States District Court for the Western District of New York and for claims arising in Orange County, proper venue lies in the United States District Court for the Southern District of New York.  Given the failure of Plaintiff to name any proper defendants, the Court finds that it is not in the interest of justice to transfer this case to either of those districts.  28 U.S.C. § 1631.  The Court offers no opinion as to the merits of any claims arising from his confinement at Rochester Forensic Psychiatric Hospital or at Mid-Hudson Forensic Psychiatric Center.

Accordingly, it is,

ORDERED, ADJUDGED AND DECREED: That the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as set forth herein and in the Court's December 30, 2010 Order.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is

3

denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>　　　<br>
Joanna Seybert, U.S.D.J.

Dated:　　　July __12__, 2011<br>
　　　　　　Central Islip, New York